**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

――――――――――――――――――――――― x

ELIZABETH BRYAN, individually and on
behalf of all others similarly situated,

                  Plaintiff,

        *vs.*

STEPHEN EINSTEIN & ASSOCIATES P.C.,
a New York Professional Corporation;
CAVALRY SPV I, LLC, a Delaware Limited
Liability Company; CAVALRY PORTFOLIO
SERVICES LLC, a Delaware Limited Liability
Company; and JOHN DOES 1-10,

                  Defendants.

――――――――――――――――――――――― x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1.    Plaintiff, ELIZABETH BRYAN, on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, STEPHEN EINSTEIN & ASSOCIATES P.C., ("EINSTEIN"), CAVALRY SPV I, LLC ("CAVALRY"), CAVALRY PORTFOLIO SERVICES LLC ("CPS"), and JOHN DOES 1-10 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and other similarly situated consumers.

2.    Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.    Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely state the consumers' alleged defaulted and charged-off debts are continuing to accrue daily interest, late charges, and other charges.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U.S.C. §1692e(2)(B); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.     The FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

8.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9.     Plaintiff is a natural person.

10.     At all times relevant to this lawsuit, Plaintiff is a citizen of, and resides in, Mount Sinai, Suffolk County, New York.

11.     At all times relevant to this complaint, EINSTEIN is a Professional Corporation existing pursuant to the laws of the State of New York.

12.     EINSTEIN maintains its principal business address at 39 Broadway, Suite 1250, New York, New York 10006.

13.     At all times relevant to this complaint, CAVALRY was a for-profit Delaware Limited Liability Company existing pursuant to the laws of the State of New York.

14.     CAVALRY maintains its principal business address at 500 Summit Lake Drive #400, Valhalla, New York 10595.

15.     At all times relevant to this complaint, CPS was a for-profit Delaware Limited Liability Company existing pursuant to the laws of the State of New York.

16.     CPS maintains its principal business address at 500 Summit Lake Drive #400, Valhalla, New York 10595.

17.    Defendants, JOHN DOES 1-10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

18.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN DOES 1-10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of EINSTEIN and CAVALRY that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by EINSTEIN and CAVALRY and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

19.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

20.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTUAL ALLEGATIONS

21.    CAVALRY is in the business of purchasing portfolios of defaulted accounts receivables which, at the time of purchase, are immediately assigned to CPS for servicing and recovery purposes.

22.    On information and belief, CPS and CAVALRY are under common ownership.

23.    On information and belief, CPS and CAVALRY are under common control.

-4-

24.     On information and belief, CAVALRY authorizes CPS to exercise CAVALRY's rights and powers to collect and attempt to collect the defaulted accounts receivables acquired by CAVALRY.

25.     On information and belief, such rights and powers include suing or arranging for the commencement of lawsuits in CAVALRY's name against the alleged debtors on the defaulted accounts receivables.

26.     On information and belief, CPS and CAVALRY entered into a written agreement governing, at least in part, the rights and obligations of their relationship.

27.     On information and belief, such agreement included instructions on the distribution of money recovered from the attempts to collect on the defaulted accounts receivable purchased by CAVALRY.

28.     CAVALRY directly oversees and controls the actions and conduct of CPS.

29.     Through CPS, CAVALRY is regularly engaged in the collection of debts.

30.     CAVALRY collects, and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

31.     The principal purpose of CAVALRY is the collection of such defaulted debts.

32.     CPS regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of CAVALRY and, on information and belief, other debt buyers using the U.S. Mail, telephone, and Internet.

33.     The principal purpose of CPS is the collection of defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes.

34.     CAVALRY, through CPS, routinely hires other debt collectors, such as

EINSTEIN and JOHN DOES 1-10 to send collection letters on its behalf against consumers in an effort to collect money on the defaulted consumer debts CAVALRY acquires.

35.     EINSTEIN collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

36.     EINSTEIN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

37.     Plaintiff allegedly incurred a personal financial credit obligation to Synchrony Bank ("Debt").

38.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

39.     The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

40.     Defendants contend the Debt is in default, charged-off, and the amount due had been accelerated in full by the original creditor.

41.     Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

42.     Creditors often sell their charged-off accounts to third-party debt buyers, such as CAVALRY who purchase large portfolios of defaulted consumer debts and then hire debt

collection companies, such as CPS and EINSTEIN, to collect those debts

43.     The alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

44.     The Debt was either directly or through intermediate transactions sold to CAVALRY after it was in default and had been charged-off by the original creditor.

45.     Sometime prior to June 16, 2017, CAVALRY either directly or through intermediate transactions assigned, placed, or transferred the Debt to EINSTEIN for collection.

46.     EINSTEIN mailed a collection letter to Plaintiff concerning the Debt, which was dated June 16, 2017 ("Letter"). A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect her privacy.

47.     CAVALRY and CPS authorized EINSTEIN to mail Plaintiff the Letter.

48.     The Letter was mailed, or caused to be mailed, by persons employed by EINSTEIN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

49.     The Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

50.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

51.     The Letter was the initial written communication EINSTEIN sent Plaintiff.

52.     The Letter claims a "TOTAL BALANCE DUE" but then falsely implies the amount of the Debt will increase in the future because of "Post-Charge Off Interest," "Charges," and "Fees."

53.     Plaintiff is informed and believes, and on that basis alleges, that there are no "Post-Charge Off Interest," "Charges," and "Fees" that vary from day to day regarding the Debt.

54.     Neither EINSTEIN nor the creditor of the Debt may legally or contractually impose interest, late charges, or other charges on Plaintiff's Debt.

55.     The creditor of the Debt does not, did not, and never will, add interest, late charges, or other charges to the debt EINSTEIN sought to collect.

56.     EINSTEIN does not, did not, and never will, add interest, late charges, or other charges to Plaintiff's Debt.

57.     The disclaimer on *Exhibit A* is materially false, deceptive, and misleading in that, *inter alia*, it falsely suggests to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "Post-Charge Off Interest," "Charges," and "Fees" that vary from day to day.

58.     The Letter deprived Plaintiff of truthful, non-misleading, information in connection with EINSTEIN's attempt to collect a debt.

59.     EINSTEIN mailed a second collection letter to Plaintiff concerning the Debt, which was dated June 28, 2017 ("Second Letter"). A true and correct copy of the Second Letter is attached as *Exhibit B*, except the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect her privacy.

60.     CAVALRY and CPS authorized EINSTEIN to mail Plaintiff the Second Letter.

61.     The Second Letter was mailed, or caused to be mailed, by persons employed by EINSTEIN as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62.     The Second Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

63.     The Second Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

64.     The Second Letter claims a "TOTAL BALANCE DUE" but then falsely implies the amount of the Debt will increase in the future because of "Interest" and "Costs."

65.     Plaintiff is informed and believes, and on that basis alleges, that there are no

"Interest" and "Costs" that vary from day to day regarding the Debt.

66.     Neither EINSTEIN nor the creditor of the Debt may legally or contractually impose "Interest" or "Costs" on Plaintiff's Debt.

67.     The creditor of the Debt does not, did not, and never will, add "Interest" or "Costs" to the debt EINSTEIN sought to collect.

68.     EINSTEIN does not, did not, and never will, add "Interest" or "Costs" to Plaintiff's Debt.

69.     The disclaimer on *Exhibit B* is materially false, deceptive, and misleading in that, *inter alia*, it falsely suggests to unsophisticated consumers that the amount of their debts will increase due to an undisclosed amount of "Interest" and "Costs" that vary from day to day.

70.     The Second Letter falsely states, "Please note that the interest is subject to further accrual."

71.     The Debt is static and will never increase.

72.     The Second Letter also falsely states, "it may be in your best interest to call our office to see *if our client has any special settlement authorization permitting you to settle this matter at a discounted rate*." (Emphasis added). This statement is false because EINSTEIN always has "settlement authorization permitting [consumers] to settle [their debts] at a discounted rate."

73.     On information and belief, no attorney reviewed the particular circumstances of Plaintiff's Debt prior to mailing the Second Letter.

74.     The Second Letter falsely implies that a licensed attorney had reviewed the particular circumstances of Plaintiff's Debt prior to mailing the letter.

75.     The Second Letter deprived Plaintiff of truthful, non-misleading, information in connection with EINSTEIN's attempt to collect a debt.

-9-

## V. POLICIES AND PRACTICES COMPLAINED OF

76.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1), by sending consumers letters, such as *Exhibit A*, that falsely imply the consumers' debts will continue to accrue "Post-Charge Off Interest," "Charges," and "Fees" if not paid.

77.     On information and belief Defendants' collection letters, in the form attached as *Exhibit A*, were mailed to at least 50 natural persons in the State of New York.

78.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1), by sending consumers letters, such as *Exhibit B*, which falsely state the consumers' debts will continue to accrue "Interest" and "Costs, and which falsely imply an attorney had reviewed the particular circumstances of the consumer's debt prior to mailing the letter.

79.     On information and belief Defendants' collection letters, in the form attached as *Exhibit B*, were mailed to at least 50 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

80.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

81.     This claim is brought on behalf of a Class of all persons to whom EINSTEIN mailed a written communication in the form of *Exhibit A*, using an address in the State of New York, during the period of June 15, 2017 through July 6, 2018, which sought to collect a debt on behalf of Cavalry SPV I LLC whose balance had been accelerated, and which claimed a "Total Balance Due" and listed $0.00 in "Post-Charge Off Interest" and "Charges or Fees."

82.     This claim is brought on behalf of a Second Class of all persons to whom EINSTEIN mailed a written communication in the form of *Exhibit B*, using an address in the State of New York, during the period of June 15, 2017 through July 6, 2018, which sought to collect a debt on behalf of Cavalry SPV I LLC whose balance had been accelerated, and which claimed a "Total Balance Due," listed $0.00 in "Interest" and "Costs," and stated "the interest is subject to further accrual."

83.     The identities of all Class members are readily ascertainable from the records of CAVALRY, CPS, and EINSTEIN.

84.     The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from EINSTEIN substantially in the same form as *Exhibits A and B*.

85.     There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1).

86.     There are questions of law and fact common to the Second Class, which common issues predominate over any issues involving only individual class members. The principal issues whether the Defendants' written communications to consumers, in the form attached as *Exhibit B*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1).

87.     The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

88.     The Plaintiff will fairly and adequately protect the interests of the Classes defined

-11-

in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

89.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications to consumers, in the form attached as *Exhibits A* and *B*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692g(a)(1).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class

action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

90.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

91.   Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Letter and Second Letters mailed to Plaintiff.

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

92.   Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

93.   The Defendants violated the FDCPA. Defendants' violations with respect to their written communications in the form attached as *Exhibit A* include, but are not limited to, the

following:

    (a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    (b)    Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    (c)    Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

    (d)    Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

    (e)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

    (f)    Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

94.    The Defendants violated the FDCPA. Defendants' violations with respect to their written communications in the form attached as ***Exhibit B*** include, but are not limited to, the following:

    (a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §

-14-

1692e;

(b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

(d) Making false, deceptive, and misleading representations that an attorney was meaningfully involved in the decision to mail, or that or that any communication is from an attorney mailing the letter, in violation of 15 U.S.C. §1692e(3);

(e) Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§ 1692e and 1692e(5);

(f) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(g) Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII. PRAYER FOR RELIEF

95.     WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class and Second Class as follows:

**A.     For the FIRST CAUSE OF ACTION:**

(i)      An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiff as the class representative, and the undersigned counsel to represent the Class and Second Class;

(ii)     An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iv)     An incentive award for Plaintiff for her services on behalf of the Class;

(v)      Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)     For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      Uniondale, New York
            June 15, 2018

                            *s/ Abraham Kleinman*
                            Abraham Kleinman (AK-6300)
                            KLEINMAN LLC
                            626 RXR Plaza
                            Uniondale, NY 11556-0626
                            Telephone: (516) 522-2621
                            Facsimile:  (888) 522-1692
                            E-Mail:  akleinman@kleinmanllc.com

                            *Attorney for Plaintiff, Elizabeth Bryan, and all others similarly situated*

-16-

# EXHIBIT "A"

# STEPHEN EINSTEIN
& ASSOCIATES, P.C.

STEPHEN EINSTEIN
ANTHONY S. POULIN *
SCOTT MORRIS *

WEB: WWW.STEPHENEINSTEIN.COM

79 BROADWAY, SUITE 1290
NEW YORK, NY 10006
———
PHONE: 212-267-3990
PHONE: 800-280-6205
FAX: 212-227-9656

June 16, 2017

ANN ABRASH *
MARIYA BUKTSEVA
STEPHANIE V. VETCH
SHERAZ M. SYED

* Admitted in N.Y. and N.J.

Elizabeth Bryan
▮▮▮▮▮▮▮
Mount Sinai NY 11766-2903

RE:    Debtor: Elizabeth Bryan
       Creditor: Cavalry SPV I, LLC
       Original Creditor: Synchrony Bank
       Account #: XXXXXXXXXXXXX6824
       Our Acct #: ▮▮▮▮4.001

| | | |
|---|---|---|
| CHARGE OFF BALANCE: | $ 3683.43 |
| POST-CHARGE OFF INTEREST: | $ 0.00 |
| CHARGES OR FEES: | $ 0.00 |
| LESS PAYMENTS/CREDITS | $ 0.00 |
| TOTAL BALANCE DUE: | $ 3683.43 |

This office has been hired to collect the above-referenced account. Unless you notify this office within thirty days after receipt of this notice, that you dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you do notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days after receipt of this notice we will provide you with the name and address of the original creditor. Please feel free to contact us at **1-800-280-6205**.

**AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT. AT THIS TIME OUR FIRM IS ACTING SOLEY AS A DEBT COLLECTOR.**

PLEASE MAKE ALL CHECKS OR MONEY ORDERS PAYABLE TO THE ORDER OF STEPHEN EINSTEIN & ASSOCIATES, P.C.

Sincerely,



*The Law Office of Stephen Einstein & Associates, P.C.*

THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## 23 NYCRR1 DISCLOSURES

Pursuant to the rules of the New York State Department of Financial Services (NYSDFS) adopted under 23 NYCRR1 we are required to notify you of the following disclosures:

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

That as debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq.,we are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language, and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

# EXHIBIT "B"



## STEPHEN EINSTEIN
& ASSOCIATES, P.C.

STEPHEN EINSTEIN
ANTHONY S. POULIN *

WEB: WWW.STEPHENEINSTEIN.COM

39 BROADWAY, SUITE 1250
NEW YORK, NY 10006

PHONE: 212-267-3550
PHONE: 800-280-6205
FAX: 212-227-9656

June 28, 2017

ANN ABRASH *
MARIYA BURTSEVA
STEPHANIE R. VETCH
SHERAZ M. SYED

* Admitted in N.Y. and N.J.

Elizabeth Bryan



Mount Sinai NY  11766-2903

Re:   **Creditor:**                          Cavalry SPV I, LLC
      **Original Creditor:**             Synchrony Bank
      **Original Creditor Address:**  950 Forrer Blvd, Kettering, OH 45420
      **SE #** ████ 4.001
      **SEA DCA License #1404558**

| | | |
|---|---|---|
| **PRINCIPAL:** | $ | 3683.43 |
| **INTEREST:** | $ | 0.00 |
| **COSTS:** | | $0.00 |
| **TOTAL BALANCE DUE:** | $ | 3683.43 |

Dear Elizabeth Bryan:

As you requested, this letter is to verify the existence of the above-mentioned debt. Please review the name and address of the creditor and total balance calculated.  To further clarify, your debt with Synchrony Bank was purchased by Cavalry SPV I, LLC who is now the current owner thereof. Enclosed are true and accurate copies of documentation pertaining to the subject account.

Please note that the interest is subject to further accrual.  However, in the event you wish to reconcile this debt within 30 days of the date you receive this letter we will honor the above-stated balance to settle in full.  Notwithstanding, it may be in your best interest to call our office to see if our client has any special settlement authorization permitting you to settle this matter at a discounted rate.

We understand this is could be a stressful matter for you, and so we wish to resolve this issue as quickly and effortlessly as possible.  Please understand that the Fair Debt Collections Practices Act ("FDCPA") was passed for your protection and privacy.  As you have already

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

exercised your right to do so, the FDCPA provides you the opportunity to dispute this debt and demonstrate that you do not owe the debt.

As such, the FDCPA § 1692g(b) requires us to (1) provide the name and address of the original creditor and (2) a verification of the debt. With these two requirements fulfilled above, I encourage you to call our office to try to amicably resolve this matter. However, if a resolution is not forthcoming, our client can pursue their cause of action in court. As an attorney of this firm, I have reviewed this claim and will make such recommendation to our client.

Sincerely yours,

☒ Stephanie Vetch, Esq.

**Enclosure:** Chain of title, statement showing date of last payment and the charge off statement.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**